## John Johnson *v.* The State.

1. Conspiracy. — Trying an indictment for a conspiracy to commit *burglary*, the jury found the accused "guilty as charged in the indictment," but in the judgment-entry he was "adjudged guilty of the charge in the indictment, to wit, conspiracy to commit *robbery*." *Held*, that the judgment as thus rendered is erroneous, and must be reversed, and the cause remanded.

2. Same. — The crime of conspiracy to commit an offense is complete when the conspirators enter into the criminal agreement, and notwithstanding they do not proceed to consummate it.

3. Case Stated. — Certain merchants had employed a detective to discover who had entered and robbed their store, and at their instance he consorted with the appellant and one H., whom the merchants suspected to be the guilty parties, and who agreed with each other and with the detective to break into and rob the store. The merchants furnished the detective with a key to facilitate the entry, and were prepared to arrest the culprits when it was effected. *Held*, that the conspiracy was complete when the appellant and H. entered into the agreement, and, therefore, their amenability was not affected by the subsequent consent of the merchants and coöperation of the detective in the entry of the store, unless the merchants or the detective suggested the offense or originated the criminal intent or agreement. Note the distinctions taken between this case and the cases of *Speiden* v. *The State, ante*, p. 156, and *Pigg* v. *The State*, 43 Texas, 108.

Appeal from the District Court of Bastrop. Tried below before the Hon. L. W. Moore.

Charley Foster, the detective, testified for the state. According to his testimony the burglary was first suggested by the appellant. The substance of his statements, in other respects, is condensed in the third head-note. On his cross-examination he denied that, on the day after the store was entered, he told L. Johnson, at Johnson's store, in Bastrop, that it took him two or three weeks to get Hand and the appellant to consent to break into Higgins & Garwood's store; and, further, denied that, at a certain bar-room in Bastrop, a few days after the burglary, he stated that he got $50 for getting the boys into the store, and that he would catch anybody for that amount.

L. Johnson, testifying for the defense, explicitly contra-

dicted the first of Foster's denials; and D. C. Claiborne, also for the defense, contradicted the second.

All other facts of any materiality are indicated in the opinion.

*G. W. Jones* and *J. P. Fowler*, for the appellant, filed an able brief.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J.    The appellant and N. S. Hand were jointly indicted for a conspiracy to commit burglary. The defendant, Johnson, was alone tried. The jury found him guilty as charged in the indictment, and a judgment was rendered adjudging the defendant guilty of a conspiracy to commit robbery. Because of this error in the judgment it must be reversed.

The judge charged the law, in substance, as embraced in articles 6576 and 6577, Paschal's Digest, as follows : "A conspiracy is an agreement entered into between two or more persons to commit" any offense, such as burglary. " The offense of conspiracy is complete, although the parties conspiring do not proceed to effect the object for which they have so unlawfully combined."

It is insisted by defendant that the charge of the court in this case is defective in this, that it fails to give the law as embraced in articles 6578 and 6579, Paschal's Digest. A critical examination of the entire charge will show that it is not liable to objection on this account.

The second error assigned is that the court erred in refusing to give the charges asked by the defendant.

The court, in its general charge, had already, among other instructions, told the jury that, "If you believe from the evidence that defendant did, as charged in the indictment, con-

spire with N. S. Hand to commit burglary, you will convict. If you believe from the evidence that Higgins & Garwood did employ a detective merely to discover and secure the parties they suspected of robbing their store, and that the original intent, if any, to commit the offense was not influenced or suggested by the detective, then the agreement of said detective to enter a conspiracy would not excuse the defendant. But if said detective suggested the offense, and in any way created the original intent and agreement to commit the same, you will acquit. If either Johnson or Hand did not enter into the agreement, then you will acquit."

The case at bar is different from that of *Pigg* v. *The State*, 43 Texas, 108, and of *Speiden* v. *The State, ante*, p. 156, decided by this court at its last Tyler term, which are cited by defendant's counsel. In the former the defendant and Thomas Smith were indicted for the theft of a horse, and the state was required to show that the horse was taken without the consent of the owner. Pigg and Smith were suspected of being engaged in horse-stealing; Christian, the alleged owner of the horse, requested one Snyder to get into the confidence of the defendants and learn whether they were horse-thieves or not; which Snyder did. Pigg and Smith told him that they had Christian's horse picked out, and Snyder agreed with them to engage in stealing the horse. Witness Snyder so conducted the affair that he was present when defendants, Pigg and Smith, took the horse and led him out of the stable, when they were arrested. Christian testified that he had given no consent that his horse should be taken, but corroborated Snyder in the arrangement by which the defendants were detected. The court held that it is not consent to the taking for the owner to obtain the aid of a detective who, for the purpose of detection, joins the defendant in a criminal act *designed* by the defendant and carried into execution by actual theft; but that, if Christian or the detective suggested or induced defendant to steal

the horse, and, having induced such original intent, he, or the person acting for him, acted as one of the party throughout, then the want of consent would not be established, and the defendant should be acquitted.

And in the other case, that of *Speiden* v. *The State*, the defendant was indicted for burglary by breaking into a bank, with the intent to commit theft. The facts in that case show that defendant had entered the bank at the solicitation of a detective rightfully in possession with the consent of the owner; and this court held that he could not rightfully be convicted of burglary, no matter what his guilty intent.

In the case now before the court, it will be borne in mind that the offense is complete under the indictment when it is shown that defendant had actually entered into an *agreement* with N. S. Hand to burglariously enter the house described in the indictment, in the manner as therein alleged, with intent to commit a theft, and that the offense of conspiracy is complete although the parties conspiring do not proceed to effect the object for which they have so unlawfully combined. The fact of such conspiracy once being established, the subsequent consent of the owner (or those acting for him) for the conspirators to enter the building will not affect their guilt in the least, unless the evidence shows that Higgins and Garwood, or the detective employed by them, suggested the offense, or in some way created the original intent or agreement to commit the offense as charged.

The exception to the charges given, and to the refusal of the court to give the instructions asked by defendant, are not sustained by an examination of those charges. Those given were substantially correct, and those asked by the defendant, and not embraced in the general charge, were framed in language more favorable to the accused than the statement of facts and the law would justify.

We believe that we have noticed all the errors assigned

which may aid in any manner in another trial of the cause, when the defendant will have an opportunity to procure the newly-discovered evidence set out in his motion for a new trial.

The judgment is reversed and the case remanded.

*Reversed and remanded.*